UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
HONG XIAN JIN,
                      Plaintiff,

                                                                           05-CV-7826 (SHS)(HP)
             - against -                             **AMENDED COMPLAINT**
                                                                          ECF CASE

MIRIM CONSTRUCTION CORP.
and CHANG GIL LEE a.k.a KI YOUNG LEE
                             Defendants.
---------------------------------------------------------------X

## PRELIMINARY STATEMENT

1. Plaintiff worked as an employee of Defendants during the month of January 2005. During his employment, Plaintiff consistently worked more than 40 hours a week. Defendants did not pay Plaintiff a significant amount of his contractually agreed wages, and have never paid Plaintiff for his overtime work. This is an action under the federal and state labor laws to recover damages suffered by Plaintiff as a result of Defendants' breach of contract and failure to pay Plaintiff's lawful wages plus liquidated damages and interest.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on the Court by 28 U.S.C. §§ 1331 and 1337 and by 29 U.S.C. § 216. Plaintiff's consent to bring this lawsuit is attached. The Court has supplemental jurisdiction over Plaintiff' state law claims pursuant to 28 U.S.C. § 1367. This Court has venue pursuant to 28 U.S.C. §1391(b).

## PARTIES

3. Plaintiff Hong Xian Jin is a former employee of Defendants.

4. Defendant Mirim Construction Corp. is a construction company based at 51-27 35th St. LIC, NY 11101 (hereinafter referred to as "Mirim"). Upon information and belief, Mirim is engaged in interstate commerce and has gross sales of over $500,000.

5. Defendant Chang Gil Lee is, on information and belief, the owner or part-owner of Mirim. He is also the manager of the business and has the powers to hire and fire employees, set their wages, set their schedules and maintain their employee records. He is Plaintiff's employer as that term is defined by the Fair Labor Standards Act and New York Labor Law.

6. Upon information and belief, Defendant Lee is also known as Ki Young Lee, and resides at 16 Notus Ave, Staten Island, NY 10312.

## STATEMENT OF FACTS

7. Plaintiff Jin was employed as a day laborer with Mirim. Plaintiff performed general construction duties for Defendants for a building located in Manhattan, such as carpentry, basic construction and home improvement, and other construction-related activity.

8. Plaintiff generally worked Monday through Saturday, from 8:00 a.m. to 6:00 p.m. with a 30 minute meal break.

9. Plaintiff worked for Defendants from January 11th, 2005 until January 26th, 2005.

10. Plaintiff's agreed payment rate was $150 per day.

11. Plaintiff was not paid for any of the 14 days of his employment while he was employed.

12. Plaintiff has never been paid overtime pay for his hours over 40 hours a week.

13. Plaintiff received only $400 when he requested unpaid wages from his employer in person.

14. The wages that Plaintiff received have been all in cash.

15. Upon information and belief, Defendants willfully and intentionally did not maintain employment records of Plaintiff's employment.

16. Defendants willfully and intentionally failed to pay Plaintiff his lawful wages.

### FIRST CAUSE OF ACTION

#### Federal Minimum Wage Violation

17. Plaintiff alleges and re-alleges the paragraphs above.

18. Defendants' intentional failure to pay Plaintiff the proper minimum wage of $5.15 per hour violates 29 U.S.C. § 201 et seq.

### SECOND CAUSE OF ACTION

#### State Minimum Wage Violation

19. Plaintiff alleges and re-alleges the paragraphs above.

20. Defendants' intentional failure to pay Plaintiff the proper minimum wage of $6.00 per hour violates New York Labor Law § 650 et seq.

### THIRD CAUSE OF ACTION

#### State Payment of Wages Violation

21. Plaintiff alleges and re-alleges all the paragraphs above.

22. Defendants' intentional failure to pay Plaintiff their contractually agreed-upon pay violates New York Labor Law §§ 190 et seq.

### FOURTH CAUSE OF ACTION

#### Federal Overtime Violation

23. Plaintiff alleges and re-alleges the paragraphs above.

24. Defendants' intentional failure to pay Plaintiff the proper overtime pay violates 29 U.S.C. § 201 et seq.

## FIFTH CAUSE OF ACTION

### State Overtime Violation

25. Plaintiff alleges and re-alleges all the paragraphs above.

26. Defendants' intentional failure to pay Plaintiff overtime pay violates New York Labor Law §§ 650 et seq. and supporting regulations and orders of the New York State Department of Labor.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully request that a judgment be granted as follows:

    a. Awarding Plaintiff compensatory damages, liquidated damages and prejudgment interest;

    b. Awarding Plaintiff their attorney's fees and costs; and,

    c. Granting such other and further relief as is just and proper.

Dated December 21, 2005
    New York, NY

                                                /s Steven Choi
                                                Steven Choi (SC1906)
                                                ASIAN AMERICAN LEGAL DEFENSE
                                                   AND EDUCATION FUND
                                                99 Hudson Street
                                                New York, New York 10013
                                                212-966-5932
                                                Attorneys For Plaintiff